# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, *ex rel.*
KATHLEEN JENNINGS, Attorney
General of the State of Delaware,

Plaintiff,

v.

PURDUE PHARMA L.P.; PURDUE
PHARMA INC.; THE PURDUE
FREDERICK COMPANY; ENDO
HEALTH SOLUTIONS INC.;
ENDO PHARMACEUTICALS INC.;
MCKESSON CORPORATION;
CARDINAL HEALTH INC.;
AMERISOURCEBERGEN
CORPORATION; ANDA
PHARMACEUTICALS, INC.; H.D.
SMITH, LLC; CVS HEALTH
CORPORATION; and WALGREENS
BOOTS ALLIANCE, INC.,

Defendants.

C.A. No. N18C-01-223 MMJ CCLD

Submitted: September 4, 2019
Decided: September 25, 2019

On The State of Delaware's Motion for Reargument
**DENIED**

## ORDER

1. On August 1, 2019, the Court heard argument on Defendant Walgreens' Motion to Dismiss the First Amended Complaint. At the conclusion of the hearing, the Court ruled:

> [T]he first amended complaint appears to have cured those speculative and conclusory allegations with a sufficient amount of additional factual specificity for pleading purposes at the motion to dismiss stage....What I am looking at next is the very unique and also precise affidavit of merit requirement set forth in in 18 Delaware Code Section 6853. I do find that the affidavit of merit was timely filed.
>
> I'm looking now at Section C, which are the requirements of the affidavit of merit. And as I have stated, although the affidavit of merit was filed under seal and I am not going to reveal any information which should not properly be unsealed, I have reviewed the affidavit of merit and the accompanying curriculum vitae of the affiant.

The affidavit of merit talks about harm suffered by the State and the growing problem of diversion of opioids within Delaware. It states that the diversion of opioids results in a variety of social ills associated with opioid addiction resulting in additional cost to the healthcare system, justice system, social services, welfare and education system.

None of these are specific physical injuries to individuals. The statute requires that the affidavit state that *each named defendant* has breached the standard of care and that the breach was a proximate cause of *injury or injuries* claimed in the complaint.

I read that statute as requiring that there be a specific injury to a specific person. Now that injury may not be necessarily be physical. For example, a case has been cited to me in which the injury was a result of the breach of confidentiality, which was a breach of a duty of professional care to maintain confidentiality. So it doesn't necessarily have to be a physical injury.

On the other hand, it must be an injury to an individual patient. And the affidavit of merit fails to make the proximate cause link between any of the breaches of duties and any specific injury. [An injury only] to the State [itself], is a new cause of action that appears to the Court to be without precedent.

Even the case in which a pharmacy was sued and the individual pharmacist was not sued, . . . did not appear to sound in medical negligence. It appeared to sound in common law negligence.

Cases in which an entity is sued are cases in which, for example, a hospital is brought in as an individual – or as an additional defendant or maybe as the sole defendant. But in those cases, the hospital is always acting in a respondent superior capacity, for example, they failed to supervise the physician. And, in those cases, the allegations include the physician or nurse or technician the hospital failed to train or supervise, and they also state the resulting injury.

So what I find now is that the affidavit of merit creates a new broad cause of action, which to my knowledge has not been recognized by this Court, certainly not under the affidavit of merit statute.

If the affidavit of merit had said a particular pharmacist had dispensed a particular prescription improperly, and that dispensing resulted in harm to a particular individual, then I think Walgreens could be a proper stand-alone defendant even without bringing in the particular pharmacist.

But, at this point, with no individual injuries named and simply economic injuries or economic damages, I should say, alleged by the State which cannot, I don't believe, properly fall under medical negligence, and no individual medical professional named, I find that the affidavit of merit is just simply insufficient to allege a medical malpractice claim.

As I stated earlier in the hearing, medical malpractice in Delaware requires a great deal more than notice pleading. And I do not find that this affidavit of

merit meets the statutory standard. So I am granting a motion to dismiss.

Now, I am going to grant it without prejudice because the affidavit of merit was filed in good faith and was timely filed, and this is an issue of first impression. My guess is there can be an affidavit of merit filed that ties up this causal connection to sufficient specificity, that's a possibility.

2. The State of Delaware has moved for reargument. The State contends that the Court erred in applying Delaware's affidavit of merit statute. Specifically, the State asserts that it complied with all of the statutory requirements and the Court erred by reading into 18 *Del. C.* §6853(c) a requirement that the State assert a specific injury to a specific patient. The State cites case authority in support of its position. Walgreens filed opposition to the motion.

3. The purpose of moving for reargument is to seek reconsideration of findings of fact, conclusions of law, or judgment of law.[1] Reargument usually will be denied unless the moving party demonstrates that the Court overlooked a precedent or legal principle that would have a controlling effect, or that it has

---

[1] *Hessler, Inc. v. Farrell,* 260 A.2d 701, 702 (Del. 1969).

misapprehended the law or the facts in a manner affecting the outcome of the decision.[2] "A motion for reargument should not be used merely to rehash the arguments already decided by the court."[3]

4. The Court has reviewed and considered the parties' written submissions and arguments. The Court did not overlook a controlling precedent or legal principle, or misapprehend the law or the facts in a manner affecting the outcome of the decision.

**THEREFORE,** the State's Motion for Reargument is hereby **DENIED.**

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston

---

[2] *Ferguson v. Vakili,* 2005 WL 628026, at *1 (Del. Super.).

[3] *Wilmington Trust Co. v. Nix,* 2002 WL 356371, at *1 (Del. Super.).